UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI
JUDGE**

LETTER OPINION

June 20, 2006

Paul G. Nittoly
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park New Jersey 07932-1047

    *(Attorneys for Plaintiff)*

Anthony R. Suarez
Dario & Yacker LLC
1590 Anderson Ave.
Fort Lee, NJ 07024

    *(Attorneys for Defendant)*

    **Re:**   *Stampone v. Fazio*
           **Civil Action No. 00-5435 (WJM)**

Dear Counsel:

    This matter comes before the Court on the motion for summary judgment filed by Defendant Fazio and the cross-motion for summary judgment[1] filed by Plaintiff Stampone. For the reasons stated below, Fazio's motion is **DENIED** and Stampone's motion is **GRANTED** in part and **DENIED** in part.

---

    [1] Although Stampone submitted his motion as a motion to dismiss, given the stage of this litigation and Stampone's pro se status at the time of the filing, the Court will regard the motion as a motion for summary judgment. Stampone was appointed pro bono counsel on April 25, 2006.

*Procedural Background*

Plaintiff brought this action in November 2000 under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act for injuries allegedly suffered in the course of and as a result of his arrest in September 1999. Stampone originally named as defendants Joseph Fazio, a former police officer with the Saddle Brook Police Department; the Mayor and Township of Saddle Brook, New Jersey; and the Attorney General of the State of New Jersey. All claims against all defendants were previously dismissed by the Court. In April 2005, the Third Circuit reversed and remanded solely as to the dismissal of Stampone's constitutional claims against arresting officer Fazio. Both Fazio and Stampone have filed for summary judgment in light of the Third Circuit's opinion.

*Factual Background*

Stampone's Complaint is based on the following facts. On September 7, 1999, Stampone was sitting in his car on a residential street in Saddle Brook, New Jersey waiting for his girlfriend to return from work. Fazio, who had been driving through the neighborhood, became suspicious because Stampone had an out-of-state Kansas license plate. Fazio approached Stampone and asked what he was doing. Stampone stated that he was waiting for his girlfriend and directed Fazio to her house. Fazio found nobody home, whereupon Stampone stated he expected her around 5:00 p.m.

Fazio then asked Stampone for identification, which Stampone refused to provide. When Fazio asked again, Stampone stated that it was in the trunk of the car but refused to retrieve it. Eventually, Stampone got out, took a manila envelope out of the trunk, and returned to the car. Allegedly, while closing the car door, he almost slammed Fazio's leg. Stampone next put the envelope on the passenger seat and turned his back to Fazio while opening it. At that point, Fazio opened the door and attempted to pull Stampone out of the car by grabbing his arms and threatening him with mace. Stampone immediately began complaining of shoulder pain and requested an ambulance.

Stampone's girlfriend then came home and confirmed that she had asked Stampone to meet her there. At that point, Fazio placed Stampone under arrest, handcuffed him, and transported him to a hospital.[2] Later, Stampone was taken to the police station where he was charged and eventually convicted of failing to exhibit a driver's license and of disorderly conduct.

In November 2000, following his conviction, Stampone filed suit against Defendants for, among others, use of force, false arrest, "perjury," and harassment. He based his claims on the Fourth and Fourteenth Amendments and the New Jersey Tort Claims Act. Stampone alleged damages of, among others, a torn rotator cuff, emotional injuries, and humiliation. Around May 2001, the Superior Court of New Jersey Appellate Division reversed and dismissed Stampone's convictions. That court, citing *Terry v. Ohio*, 392 U.S. 1 (1968), found that Fazio's initial stop of Stampone was illegal because "nothing in the evidence would support a claim that Fazio had an

---

[2] X-rays taken that evening showed no damage. However, an MRI taken on September 27, 1999 show that Stampone suffered a rotator cuff tear.

articulable suspicion of illegal conduct to support" the investigatory stop.  *State v. Stampone*, 775 A.2d 193, 196 (N.J. Super. A.D. 2001).

In March 2001 in the instant case, the Court granted the Attorney General's motion to dismiss on the basis of sovereign immunity.  In November 2002, the Court also granted Fazio's motion for summary judgment.  The Court found that Fazio was justifiably concerned for his safety when Stampone almost slammed the door on him and then bent over the passenger seat with his back to Fazio.  The Court thus held that Fazio's use of force was reasonable and that Fazio was entitled to qualified immunity.  The Court also found that Stampone's state law claims did not meet the requirements of the New Jersey Tort Claims Act and dismissed these as well.  Finally, on January 23, 2004, the Court granted judgment as a matter of law in favor of the two remaining defendants, the Mayor and Township of Saddle Brook, finding that Stampone had failed to produce any evidence showing that the Mayor or Township were connected to Fazio's alleged wrongdoing.

Stampone appealed the Court's decision, and in April 2005, the Third Circuit issued a judgment affirming all but the Court's dismissal of the constitutional claims against Fazio.  *Stampone v. Fazio*, No. 04-1310 (3d Cir. April 14, 2005).  With regard to Fazio's initial stop of Stampone, the Third Circuit ruled that Fazio was not entitled to qualified immunity because not only was the stop unconstitutional, but also Fazio was unreasonable in believing it was constitutional.  *Id.* at 7.  The Third Circuit also found Fazio not entitled to summary judgment on the issue of qualified immunity for his unlawful use of force against Stampone.  *Id.* at 8.  It reasoned that there were conflicting accounts as to why Fazio reached in and pulled Stampone from the car, and that it was questionable as to whether Fazio did so out of fear for his safety or simply anger.  *Id.* at 8-9.  Further, with regard to the issue of false arrest, the Third Circuit noted that the Court wrongly failed to consider the cause of action.  *Id.* at 7-8.  It directed the Court to revisit the issue and determine whether, given the unconstitutional arrest, Fazio is entitled to qualified immunity on this claim.  *Id.*  Finally, the Third Circuit directed the Court to clarify whether Stampone had properly asserted a claim for malicious prosecution.  *Id.* at 4 n.1.

Both parties have now filed for summary judgment.

***Qualified Immunity***

Fazio asks the Court to grant summary judgment in his favor on the issues of the initial stop, use of force, and false arrest.  Stampone generally asks the Court to find in his favor on all claims and on damages.

In a typical § 1983 action, "the first inquiry . . . is whether the plaintiff has been deprived of a [constitutional or statutory federal] right."  *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  If the plaintiff's allegations meet this threshold, the next inquiry is whether the right was clearly established.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at 202.

*i. Initial Stop*

As already noted, the Third Circuit held that Fazio's stop of Stampone was unconstitutional.  It further held that Fazio did not reasonably conclude that there was reasonable

suspicion for the investigatory stop and, therefore, that he was not entitled to qualified immunity. Pursuant to this holding, the Court grants summary judgment in favor of Stampone on the issues of the constitutionality of and qualified immunity for the initial stop. Thus, as to this cause of action, the Court concludes that the only elements left to be proven are causation and damages, which are to be determined by a jury.

### ii. *Use of Force*

With regard to the use of force claim, when a police officer uses force to effectuate an arrest, that force must be reasonable. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* As noted, the Third Circuit concluded that there were factual issues as to the reasonableness of Fazio's use of force against Stampone. Accordingly, the Court denies both parties' motions with respect to the constitutionality of Fazio's actions.

### iii. *False Arrest*

With regard to Stampone's claim of false arrest, as found by the Third Circuit, the arrest was unconstitutional because Fazio lacked probable cause to effect the arrest. Accordingly, the Court grants summary judgment in favor of Stampone as to the constitutionality of the arrest.

The Court next considers whether Fazio is entitled to qualified immunity. Along these lines, the Court determines that a jury could reasonably find that an objectively reasonable officer standing in Fazio's shoes would have recognized the unlawfulness of the arrest. Given that Fazio did not have a lawful basis for the investigatory stop, a jury could find that it was equally unreasonable for Fazio to arrest Stampone for failing cooperate in the ensuing investigation. Further, there are discrepancies in the record as to the precise reasons for Stampone's uncooperativeness. For instance, Stampone stated he did not want to retrieve his license because he was dressed in a suit and it was raining heavily. He also stated he was initially unable to get out of the car when directed to do so because Fazio was reaching in and grabbing Stampone's arm. In all, the Court determines that there is a factual issue in dispute and therefore denies the parties' motions for summary judgment as to the issue of qualified immunity for the unconstitutional arrest.

### *Causation*

Fazio next argues that Stampone has not made a prima facie case of causation as to the torn rotator cuff. Specifically, he claims Stampone has failed to demonstrate that the incident on the evening of the arrest resulted in the tear. The record indicates, however, that Fazio grabbed Stampone by the arms and pulled him out of the car. Further, Stampone immediately began complaining of pain in his arm, and medical records from twenty days following the incident show that Stampone suffered a torn rotator cuff. Because Fazio has put forth no evidence refuting Stampone's allegation that Fazio's actions resulted in the tear, the Court denies his motion for summary judgment as to this issue as well.

*Malicious Prosecution*

The Third Circuit also asked the Court to clarify whether Stampone had amended his complaint, and if so, whether the amended complaint stated a claim for malicious prosecution. The Third Circuit's confusion stems from the fact that, although the docket notes show that the Court denied Stampone's request to file an Amended Complaint in October 2001, there are references to an Amended Complaint in later docket notations. A review of the file indicates that the Complaint was not in fact amended. However, the original complaint itself alleges malicious prosecution, and the Court did not specifically rule on the claim in its prior opinions. In light of the Third Circuit's opinion, the Court reconsiders this issue and finds Stampone has stated a valid claim for malicious prosecution.

*Punitive Damages*

Fazio argues that Stampone is not entitled to punitive damages, since punitive damages may be awarded against state officials only upon a showing of reckless, callous, intentional or malicious conduct. *See Smith v. Wade,* 461 U.S. 30, 54-56 (1983). The Court, however, finds there are credible allegations of maliciousness with regard to both the arrest and the prosecution. For instance, the record suggests that Fazio became increasingly frustrated by Stampone's evasiveness and repeated refusal to cooperate. At the same time, the Third Circuit found Fazio unreasonable in believing he had a right to stop Stampone and question him in the first place. These facts combined with the fact that Fazio arrested Stampone even after the license had "checked out" and after Stampone's girlfriend confirmed she had asked Stampone to meet her could support a finding of maliciousness in continuing with the prosecution. As such, the Court denies Fazio's motion as to this issue.

*NJTCA*

The Court need not consider Fazio's motion requesting dismissal of the NJTCA claims, since the Third Circuit affirmed the prior dismissal of them.

*Conclusion*

For the reasons stated above, Fazio's motion is **DENIED** in its entirety. Stampone's motion is **GRANTED** as to the issue of qualified immunity for the initial stop and **DENIED** as to all other issues.

An appropriate Order accompanies this Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**